UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD BRYSON,
    Plaintiff,

vs.                                                     Case No.: 3:22cv21054/MCR/ZCB

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Sworn, Verified Petition for an Injunction for Protection Against Repeat Violence."[1] (Doc. 4). For the reasons below, the undersigned recommends that Plaintiff's petition for an injunction be denied.

### I. Background

Plaintiff's complaint—which names as Defendants the Florida Department of Corrections (FDOC), seven correctional officers, and three nurses—alleges that Defendants used excessive force on him, failed to intervene during the use of such force, were deliberately indifferent to his medical needs, retaliated against him, and violated state tort law. (Doc. 1 at 12, 6-7). Plaintiff's allegations revolve around two uses of force by Defendants on July 20, 2023, and July 21, 2023. His complaint

---

[1] The Court construes Plaintiff's filing as a request for a preliminary injunction.

1

seeks only monetary relief and "any other relief this Court deems just and proper." (*Id.* at 12). In his "Petition for an Injunction" (Doc. 4), Plaintiff rehashes the events on July 20th and 21st and seeks "immediate" injunctive relief prohibiting Defendants "from committing any further acts of violence." (*Id.* at 7).

## II.  Discussion

Injunctive relief "is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty, Sch, Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if [he] alleges, and ultimately proves, a real and immediate—as opposed to merely a conjectural or hypothetical—threat of future injury." *Williams v. Bd. of Reg. of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1302-1303 (11th Cir. 2007); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (recognizing a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury").

As an initial matter, Plaintiff does not seek injunctive relief in his complaint. He seeks only monetary relief. Thus, this Court lacks authority to enter a preliminary injunction because Plaintiff only asks for damages in the underlying litigation. *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008); *see also Schwartz v. United States Dep't of Justice*, No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate

2

relief of the same character as that which may be granted finally.  When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (cleaned up).

An injunction is also improper because Plaintiff lacks standing to seek injunctive relief.  He fails to establish a real and immediate threat of future injury.  Plaintiff's allegations that he suffered "repeat violence" in the past (Doc. 4 at 2) and fears violence in the future (*id.* at 7) lack specificity and are too speculative to satisfy the standing requirement.  *See, e.g.*, *Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (finding the prisoner-plaintiff lacked standing to seek a preliminary injunction because he had failed to present "specific facts which demonstrate he faces real, immediate, and irreparable injury").  Thus, Plaintiff's motion for preliminary injunction should also be denied because he lacks standing.

Plaintiff's motion also fails on the merits.  To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest.  *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020).

At this early stage of the litigation, Plaintiff has yet to identify any objective evidence establishing that the actions about which he complains of in his complaint violated his constitutional rights. *See Skinner v. Sproul*, No. 1:14cv174, 2015 WL 196191, at *10 (M.D. Ga. Jan. 14, 2015) (denying the plaintiff's motion for preliminary injunction because the case was at the screening stage and the plaintiff had failed to "identify any objective evidence that the actions about which he complains violated his constitutional rights"). And, as discussed above, Plaintiff has failed to show a substantial likelihood of irreparable injury if the injunction is not granted because his claims of future harm are too speculative. *See Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff also fails to satisfy the third and fourth prerequisites to a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the Defendants as issuance of the injunction would have an unduly adverse effect on the ability of prison personnel to exercise their professional judgment in determining the appropriate manner in which to provide security and discipline inmates for their disruptive behavior. *See, e.g.*, *Santais v. Corrs. Corp. of Am.*, No. 5:16cv80, 2017 WL 402979, at *7 (S.D. Ga. Jan. 30, 2017) (denying inmate's motion for preliminary injunction and recognizing "where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of

discretion."). The fourth factor, whether the injunction would serve the public interest, "is, at best, a neutral factor at this juncture." *See Turner v. Ratcliffe*, No. 2:19cv852, 2019 WL 7372758, at *1 (M.D. Ala. Dec. 11, 2019).[2]

One final note. Plaintiff's motion is—at bottom—a request for an order requiring Defendants to obey the law. Plaintiff requests that this Court enjoin Defendants "from committing any further acts of violence." (Doc. 1 at 7). It is already unlawful for officials to use excessive force against a prisoner. "This Circuit has held repeatedly that 'obey the law' injunctions are unenforceable." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222 (11th Cir. 2000) (collecting cases); *see also Skinner*, 2015 WL 196191, at *10 ("The district court also cannot issue a general injunction barring Defendants from violating the law.").

---

[2] The Court also notes that one of the individuals that Plaintiff complains of in his motion for preliminary injunction (Mr. Coats) is not named Defendants in Plaintiff's complaint (Doc. 1 at 2-3, 5-6). The Court, therefore, lacks the ability to enjoin Mr. Coats. *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (recognizing that courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it").

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Sworn, Verified Petition for an Injunction for Protection Against Repeat Violence, Pursuant to Section 784.046, Fla. Stat. (2022)" (Doc. 4) be **DENIED**.

At Pensacola, Florida this 10th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**